## CLEVENGER v. MOORE et al.

No. 19667. Opinion Filed April 14, 1931.

See, also, 126 Okla. 246, 259 Pac. 219.

Rainey, Flynn, Green & Anderson, W. A. Chase, Pennell & Harrison, and Calvin Jones, for plaintiff in error.

Shipman & Lewis, for defendants in error.

KORNEGAY, J. This is a proceeding in error from the district court of Washington county; Honorable J. R. Charlton, judge. This is the second time it has been to this court (Clevenger v. Moore, 126 Okla. 246, 259 Pac. 219). At the first trial Honorable H. C. Farrel was the presiding judge. When the plaintiff concluded the evidence, the then presiding judge sustained a demurrer to it, and dismissed the case. It was brought to this court and this court, recognizing what a demurrer to the evidence admitted, held that it ought to have gone to the jury on the showing made, and reversed and remanded it.

When it went back it was tried by a jury, and the trial court instructed the jury on the law applicable to the case; and, among other things, instructed the jury on the subject of ratification by conduct. It was claimed in the pleadings by the plaintiff that a deed had been executed by the plaintiff below, the present plaintiff in error, and had been left in escrow with W. D. Peay, to be delivered when certain inspections had been made of the property to be exchanged and it had been found to be satisfactory to the plaintiff in error, and

that the grantee in the deed had gotten hold of it and placed it on record and taken possession of the property.

There was an answer filed by the defendant Moore, setting up the fact that Moore had bought the property relying on the record, and the record showed that the date of the deed was the 15th of September, 1922, and that it was acknowledged on the 18th of September and was recorded on September 25, 1922, whereby plaintiff had parted with her right to the property in favor of J. D. Simmons, and that Simmons had gone into possession and had remained in possession, open and notorious, since the deed was recorded, and had repaired the property, and had sold it to the defendant Moore for value without any knowledge of any defect in the title, and that his deed therefore had been recorded on the 5th of January, 1923.

When the case came here, on the question of the action of the lower court in sustaining a demurrer to the evidence of the plaintiff on the first trial, it was reversed on account of the error in sustaining the demurrer. The mandate went down, and there was an amendment to the petition, as shown at page 83 of the case-made, demanding rents of the defendant Moore, and alleging that he went into possession during the month of November, 1923, and this amendment was filed on the 6th of January, 1928, and on the 16th of January, 1928, the trial started.

The plaintiff and the defendant made the opening statements at length, and the witnesses were introduced and gave their testimony, the plaintiff herself being one of the witnesses. The jury heard the evidence and returned a verdict, after being instructed by the presiding judge, in favor of the defendant Moore, and against the plaintiff, Clevenger. This was followed by a motion for a new trial, which the lower court overruled. Complaint is here made of such action, and one of the instructions given is here complained of, and of the refusal of the court to give a peremptory instruction in her favor.

The instructions cover pages 392 to 405 of the case-made, and appear on the whole to fairly state the law applicable to the matter before the court. They followed the rules laid down in the case when here before. The plaintiff filed her motion for a new trial on the grounds of the evidence not warranting the verdict, and the court's refusal to give some instructions asked for by the plaintiff, and in giving some instructions that were given, and the court's refusal to peremptorily instruct for the plaintiff, and

admitting incompetent evidence on behalf of the defendants, and excluding competent evidence on behalf of the plaintiff, and newly discovered evidence. This motion for a new trial was filed on the 18th of January, 1928, and on the 6th of March, 1928, there was an amendment to this motion for a new trial by attaching affidavits of H. C. Coats and W. D. Peay.

We have examined those affidavits, and they appear merely to be cumulative of the evidence appearing at the trial, and it further appears that in all probability, had the statements contained in the affidavits been before the jury at the time of the trial, the result would have been the same. Some of the matter set forth in the affidavits is contradictory of some of the things that had been introduced by the plaintiff, and some of it is confirmatory of what was introduced, and some of the matter was confirmatory of what the defendant claimed.

After this amendment was made, the court overruled the amended motion on March 6, 1928, and entered judgment.

There was sharp conflict in the evidence. The conduct of the plaintiff in dealing with the matter is scarcely explainable, except on the theory that she was willing for the deed to remain of record without being challenged, and that she was willing that her grantee should enter into possession of the property and use it as being his own. The claim of the defendant Moore was that of an innocent purchaser, and his proof in the matter would justify findings to that effect. The jury evidently believed the evidence that favored the defendant. The plaintiff was a woman that had had a great deal of experience in legal matters, according to this record, and according to her admission, she had gotten from her divorced husband, Ora B. Clevenger, a quitclaim deed to her grantee, Simmons, and placed it of record, the deed being filed on September 20, 1922, at 11:15 a. m. Her deed to Simmons was acknowledged on the 18th of September, 1928.

The statute under which we operate, section 2822, C. O. S. 1921, provides as follows:

"2822. Harmless Error. No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a

substantial violation of a constitutional or statutory right."

We think substantial justice has been done in this case. Twelve jurors passed on it, a deceased judge did not think that the evidence was sufficient to go to a jury, though under technical rules it should have gone to the jury the first time. The second trial judge, after weighing the evidence of both sides, approved the verdict. Under these conditions, this case ought not to be reversed, and we do not find any reversible error in the record. It is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

CLARK, V. C. J., absent.